## LEGALITY OF A SEWER TAX LEVY.

Circuit Court of Cuyahoga County.

C. AUGUST KRAUSS v. THE CITY OF CLEVELAND AND JAMES P. MADIGAN, AUDITOR OF SAID CITY.

Decided, March 28, 1905.

*Taxes—Sewer District Tax Legal.*

Taxes may be levied at a uniform rate upon territory not constituting a political district or subdivision of a political district: hence taxes for sewer purposes levied uniformly upon a sewer district are lawful.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff is a resident and tax-payer of sewer district No. 1 of the city of Cleveland. He requested the city solicitor to bring this suit and he declined to do so. Suit was brought on behalf of the plaintiff and other tax-payers to restrain the payment of money for the construction of a sewer in Case avenue. This sewer had been contracted for and is now in process of construction, the city having passed an ordinance for the construction of said sewer and provided that 66 per cent. of the cost thereof should be paid out of the sewer fund of sewer district No. 1, 33 per cent. out of the sewer fund of No. 2 and 1 per cent. out of the sewer fund of district No. 7.

It is claimed, first, that this sewer is not needed. This is a main sewer, and it is for the council to determine the necessity

for its construction. Unless the council abused its discretion in so determining its necessity, this court could not interfere. The evidence falls short of showing such abuse of discretion.

It is further urged that the council is without lawful authority to levy a tax upon such divisions of a city; that it may levy assessments according to benefits for public improvements, but that the manner of securing the money for this improvement is not such as comes within this authority, and that therefore it must be that it is to be read as a tax. We hold that this money is to be paid out of money arising from taxation, but that taxes may be levied at a uniform rate upon territory not constituting a political district or subdivision of a political district.

In 37 O. S., 35, the first clause of the syllabus is directly in point; also the language of the opinion found on pages 39 and 40 of the report, which we will not stop to read.

In *Root* v. *Board of Education*, 52 O. S., 589, the syllabus, and from the opinion on pages 596 and 597, it appears that as to each of the sewer districts to be charged with any portion of the expense of this sewer, the rate of taxation is uniform upon all of the property real and personal within such district. It is not uniform in all districts, but in each particular district it is uniform as to that district. This tax is for a sewer fund and is authorized by law.

In paying for this sewer, the council followed the method pointed out in Section 2406-6, Revised Statutes, an act which had not been held to be unconstitutional at the time the council acted, October 28, 1901.

Without discussing further the questions, we think that those to which attention has been called determine the case, and the petition of the plaintiff is dismissed.